```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


JOSEPH JASKOLSKI, et al.,       )
                                )
Plaintiffs,                     )
                                )
vs.                             )    NO. 2:03-CV-479
                                )
RICK DANIELS, et al.,           )
                                )
Defendants.                     )
```

## OPINION AND ORDER

This matter is before the Court on: (1) Plaintiff's [sic] Motion for Permanent Injunction, filed by Joseph Jaskolski and National Insurance Crime Bureau on June 26, 2006; and (2) Plaintiffs' Motion for Sanctions, filed by Joseph Jaskolski and National Insurance Crime Bureau on August 9, 2006. For the reasons set forth below, the motion for permanent injunction is **GRANTED**. Defendants, Rick Daniels and Anna Daniels, their agents, servants, employees, and attorneys are permanently enjoined from prosecuting their January 24, 2003 Motion to Compel and September 16, 2003 Motion to Compel and enforcing the June 21, 2004 Order in Indiana state court and the other parties, their agents, servants, employees, and attorneys, are permanently enjoined from attempting to join or otherwise adopt the motions. This injunction shall remain in effect until a proper petition for disclosure of grand jury materials pursuant to Federal Rule of Criminal Procedure 6 is filed with Judge James T. Moody under the appropriate grand jury cause number and Judge Moody has an opportunity

to rule upon such petition.  The Motion for Sanctions is **DENIED**.  The Clerk is **ORDERED** to close this case.

BACKGROUND

Jaskolski is an investigator with the National Insurance Crime Bureau ("NICB").  NICB is a not-for-profit organization that receives support from insurance companies to investigate and detect instances of insurance fraud.  In the course of his employment, Jaskolski worked with the Federal Bureau of Investigation ("FBI") and United States Attorney's Office on an investigation of Rick Daniels and Kenneth Daniels ("Daniels Brothers").

The Daniels Brothers were being investigated as a result of an insurance claim arising from a motor home fire that occurred on October 23, 1998. While assisting in the investigation, Jaskolski was treated as if he fell within the provision of Rule 6(e)(3)(A)(ii), which permits disclosure of grand jury matters to government personnel.  Accordingly, a notice of disclosure was filed with the Court, pursuant to Rule 6(e)(3)(B).  Jaskolski agreed not to disclose any grand jury matters he was given access to.

Ultimately, the Daniels brothers were acquitted. Thereafter, the Daniels brothers and their spouses (collectively "Daniels") brought two state court actions for malicious prosecution, which were consolidated.  In the course of the state court action, the Daniels sought disclosure of materials that Jaskolski claims are grand jury

materials. Rick and Anna Daniels filed motions to compel in the state court proceeding, which the state court granted. In response, Jaskolski and NICB initiated this action.

The instant complaint was filed on November 12, 2003, alleging that only the United States District Court that supervised the grand jury may authorize disclosure of a grand jury matter, and seeking both declaratory and injunctive relief. Plaintiffs filed a motion for a temporary restraining order and a motion for a preliminary injunction on March 3, 2004. After Defendants filed a response, the motions were both denied, with leave to refile. In August 2004, Plaintiffs again filed a motion for preliminary injunction, and this Court granted the requested injunction. The order issuing the injunction provides, in relevant part, the following:

> Rick Daniels, Anna Daniels, their agents, servants, employees, and attorneys are preliminarily enjoined from prosecuting their January 24, 2003 and September 16, 2003 motions to compel, as well as from seeking enforcement of the June 21, 2004 order granting these motions. Furthermore, the other parties to the pending state court action, their agents, servants, employees, and attorneys are preliminarily enjoined from attempting to join or otherwise adopt these motions, or from enforcing the June 21, 2004 order. This preliminary injunction shall be in effect until Rick and Anna Daniels file a proper petition for disclosure of grand jury materials pursuant to Federal Rule of Criminal Procedure 6 and Judge Moody (the judge who supervised the grand jury that indicted Rick and Kenneth Daniels) has reached a determination on whether Defendants are entitled to the information they seek. This matter will be revised, at the parties' request, after Judge Moody issues his ruling on any request pursuant

>    to Federal Rule of Criminal Procedure 6.  If Rick
>    and Anna Daniels fail to make the required
>    request of Judge Moody within 30 days, Jaskolski
>    and National Insurance Crime Bureau are ordered
>    to bring that fact to this Court's attention, and
>    further hearings will ensue.

Instead of petitioning Judge Moody for a ruling on whether the requested materials were grand jury materials, Defendants appealed. Defendants filed a statement with this Court on November 20, 2004 indicating that, in light of the appeal, they would not be complying with the order to petition Judge Moody for disclosure of grand jury materials, but indicating that "[i]f Judge Lozano's order is ultimately affirmed, Rick and Anna Daniels will comply with Judge Lozano's order and file a petition under F.R.Cr.P. 6 with this court regarding the disclosure of grand jury materials."

On September 15, 2005, the Seventh Circuit affirmed this Court's August 31, 2004 order.  *Jaskolski v. Daniels*, 427 F.3d 456 (7th Cir. 2005).  In closing, the Seventh Circuit noted that:

>    Prompt resolution by Judge Moody of lingering
>    disputes under federal law - principally,
>    separating the information Jaskolski obtained
>    from the prosecutors and federal investigators
>    (protected by Rule 6(e)) from the information
>    Jaskolski learned on his own as an insurance
>    investigator (not covered by Rule 6(e)) - will
>    expedite returning control to the state court,
>    where it belongs.

The resolution of this matter has been anything but prompt. Despite their prior statement on the record that, if affirmed, this Court's order would be complied with, Defendants have not yet petitioned Judge Moody for the necessary determination of what

constitutes grand jury materials. Defendants lost on appeal, but have failed to take the steps necessary pursuant to the Seventh Circuit's order in order to obtain the discovery they seek.

In an effort to move the case along, this Court held a status conference on May 26, 2006. At that status conference, the Court inquired of the parties regarding what was necessary to bring this case to conclusion. And, it was agreed that Plaintiffs would file a motion for permanent injunction. Then, either Defendants would be required to make some effort to have the issue of what is grand jury material decided by Judge Moody, who supervised the grand jury, or the permanent injunction would issue.

The motion for permanent injunction was filed, Defendants responded, and Plaintiffs filed the instant motion for sanctions. The parties briefed each of the motions. But, this Court believed the briefs to be lacking. Accordingly, on September 11, 2006, this Court took the instant motions under advisement and ordered additional briefing. The motion for permanent injunction and motion for sanctions are now fully briefed, and ripe for adjudication.

After the motion for permanent injunction was filed, Jaskolski and NICB filed a motion for certification of scope of employment pursuant to 28 U.S.C. section 2679(d)(3) in the underlying state court case. As a result of that filing, the United States removed the state court case to this Court (under cause number 2:06-CV-213), asking that the federal court resolve the motion for certification of scope of

employment, and then remand that case back to state court. In an order dated September 14, 2006, this Court denied the petition for certification, and remanded the case to the Superior Court of Lake County, Indiana. This opinion was promptly appealed by Joseph Jaskolski and the NICB, and is currently pending. While that matter is connected to the instant case, it has no direct bearing on the issues now pending in this cause number.

DISCUSSION

Motion for Permanent Injunction

In the instant motion for permanent injunction, Plaintiffs ask this Court to convert the previously entered preliminary injunction into a permanent injunction. Specifically, Plaintiffs ask:

> [t]hat Rick Daniels, Anna Daniels, their agents, servants, employees, and attorneys are permanently enjoined from prosecuting their 1/24/03 Motion to Compel and 9/16/03 Motion to Compel and enforcing the 6/21/2004 Order in Indiana state court and the other parties, their agents, servants, employees, and attorneys, are permanently enjoined from attempting to join or otherwise adopt the motions until they file a proper Petition for Disclosure in this Court and this Court rules upon such petition.

(Pls.' Mot. for Perm. Inj. at 3).

In response to this request, Defendants raise only the defenses of the Anti-Injunction Act, 28 U.S.C. Section 2283, and issue preclusion. The Seventh Circuit itself noted that these issues had been waived by Defendants. *Jaskolski*, 427 F.3d at 460 ("This statute

[referring to the Anti-Injunction Act] does not affect federal subject-matter jurisdiction, so Daniels has forfeited its benefit. . . . Likewise Daniels has forfeited the benefit of issue preclusion (collateral estoppel)."). Despite this clear statement that the defenses have been waived, Defendants' response brief raising these issues is only three pages in length, and lacks any statement of the legal basis for why Defendants believe these defenses are not waived. Even after the threat of sanctions, and after this Court ordered further briefing on the issue, Defendants have provided little of substance that supports their theory that Defendants should now be permitted to raise these issues.

Defendants argue that, although the Seventh Circuit found that the defenses of the Anti-Injunction Act and issue preclusion were waived, that finding only applies to the motion for preliminary injunction which was the subject of the appeal, and not the subsequent motion for permanent injunction. The law in the Seventh Circuit is that the Seventh Circuit "does not remand issues to the district court when those issues have been waived or decided." *United States v. Husband*, 312 F.3d 247, 250 (7th Cir. 2002). However, Defendants point out that this Court's order was affirmed and that the Seventh Circuit did not actually remand any issues. Although this is accurate, Defendants nonetheless had both notice, and an opportunity, to raise these issues during the proceedings on the motion for preliminary injunction. The issues have not changed at all. In fact, Defendant's

answer shows that they were aware of the defense of the Anti-Injunction Act, but nonetheless chose not to assert it at a time that it might have been particularly helpful to their position. Defendants correctly note that there is no Seventh Circuit case which directly resolves the issue of whether the waiver on the appeal of the motion for preliminary injunction carries over to the subsequent motion for permanent injunction. However, if this Court were now to allow Defendants to raise this issue, despite having waived it in the previous appeal, they would essentially be in a better place than before they appealed. Accordingly, this Court finds that the Seventh Circuit's finding of waiver, under the circumstances of this case, is applicable to the motion for permanent injunction.

In addition to the waiver that occurred by way of failing to raise the issues previously, Defendants have failed to adequately develop their arguments in their response to the instant motion for permanent injunction. Essentially, Defendants have raised issues which the Seventh Circuit indicated may have had merit (albeit waived), apparently with the expectation that this Court would do the research and determine if those issued actually have merit. This Court will not make the parties arguments for them. *Vaughn v. King*, 167 F.3d 347, 354 (7th Cir. 1999)("It is not the responsibility of this court to make arguments for the parties."). Defendants' three-page response brief contains perhaps one page of substance dedicated to these issues. Despite the inadequacy of the brief, this Court gave

Defendants a second chance to brief the issue. But, this brief was little more enlightening than the first. In fact, it appears that Defendants have actually backed away from their assertion that these defenses are meritorious, arguing instead that they are not so unreasonable as to warrant sanctions.

Furthermore, Defendants waived the defense of issue preclusion by failing to raise it in Defendants' answer. *See* Fed. R. Civ. P. 8(c). Although Defendants correctly note that, under appropriate circumstances, an affirmative defense not raised in the answer may nonetheless be raised, the circumstances of this case do not warrant that. The only "notice" provided to Plaintiffs is the comment regarding waiver contained in the Seventh Circuit's order. *Jaskolski*, 427 F.3d at 460. That alone is not enough. To date, Defendants have not sought to amend their answer to include the defense of issue preclusion.

Because this Court finds that both the defense of the Anti-Injunction Act and issue preclusion have been waived (more than once), the defenses need not be addressed on the merits. Nonetheless, Plaintiffs have pointed to several cases in their appellate brief which indicate that the Anti-Injunction Act may not prove to be a barrier to the issuance of the injunction, even if it had not been waived.[1] Additionally, Defendants reliance on issue preclusion is

---

[1] *See* Pls.'/Appellees' Br. at 33-37.

misplaced.[2]

This Court has given Defendants more than an adequate opportunity to petition Judge Moody for a determination of which materials may be properly disclosed. Although this Court indicated to Defendants at the status conference on May 26, 2006 that, in response to Plaintiffs' motion for permanent injunction, Defendants could petition Judge Moody for the necessary rulings regarding grand jury materials, they have not done so. Because Defendants have shown no inclination whatsoever that they intend to petition Judge Moody for a ruling, there is no point in this case continuing. The motion for permanent injunction is **GRANTED**. However, it is noted that the Plaintiffs have not sought to permanently enjoin Defendants from actually accessing the information by proper means; rather, they seek a permanent order requiring that a petition be filed with Judge Moody prior to the release of any such information. Therefore, in some ways, the entry of the permanent injunction accomplishes very little. Defendants remain entitled to file their petition with Judge Moody, as they could have done some time ago.

<u>Motion for Sanctions</u>

Plaintiffs argue that Defendants' position in response to the

---

[2] Issue preclusion applies only to identical issues of ultimate fact that a court has determined by a final judgment. *See Holtz v. J.J.B. Hilliard W.L. Lyons, Inc.*, 185 F.3d 732, 739 (7th Cir. 1999); *Underwood v. State*, 722 N.E.2d 828, 833 (Ind. 2000). Here, Defendants ask that the doctrine of issue preclusion be applied to an interlocutory discovery order. There is no precedent for such an application.

instant motion for permanent injunction is objectively unreasonable and vexatious, such that this court should sanction Defendants either pursuant to 28 U.S.C. Section 1927 or pursuant to the Court's inherent authority to issue sanctions. *See Chambers v. Nasco*, 501 U.S. 32, 45-46 (1991)(noting that the federal courts have the inherent authority to assess attorney's fees against counsel who act in bad faith). Although this Court finds the positions taken by Defendants are without merit, this Court also finds, giving Defendants the benefit of the doubt, that the positions taken are not so unreasonable that sanctions are justified. Accordingly, the motion for sanctions is **DENIED**.

CONCLUSION

For the reasons set forth above, the motion for permanent injunction is **GRANTED**, and the motion for sanctions is **DENIED**.

**DATED:  October 12, 2006            /s/RUDY LOZANO, Judge**
**                                    United States District Court**